LEDESMA, APPELLANT, v. REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of an Explanatory Instrument.

No. 277.—Decided June 12, 1916.

ERROR—CORRECTION OF RECORDED DEED.—In order to correct an error committed by the parties to a public instrument recorded in the registry in which the name of one of the parties was given as Pedro Ledesma Serrano instead of Juan Ledesma Serrano, it is sufficient that the interested parties express their assent in a public instrument which is recordable in the registry for the purpose of rectifying the said error.

The facts are stated in the opinion.
*Mr. Manuel Paz Urdaz* for the appellant.
The registrar did not appear.
MR. JUSTICE DEL TORO delivered the opinion of the court.
The present appeal involves the question of how to correct the name of one of the parties to an instrument recorded in the registry of property.

In December, 1901, Salvador Ledesma purchased three houses in Arecibo for his minor children. In the deed of conveyance, which was recorded in the registry, it was stated

that the said children were named Cruz, Manuel, Francisca, Pedro and Domingo Ledesma Serrano.

Time passed. It was sought to sell the properties and upon examining the documents and comparing the names in the recorded deed with those appearing in the civil register, it was found that there were discrepancies, and thereupon the parties concerned, father and children, executed an instrument explaining the facts in order to correct the error in the registry of property.

The principal error is that, according to the civil register, the real name of the son referred to in the deed of 1901 as Pedro Ledesma Serrano is Juan Ledesma y Serrano.

When the deed of 1901 was executed all the children of Ledesma were minors. When the explanatory instrument of November 20, 1911, was signed Cruz María, Manuel and Francisca Ledesma y Serrano were of age. Juan was a minor but emancipated. Only Domingo Ledesma y Serrano remained in unemancipated minority and he was represented by his father, Salvador Ledesma Taulet.

The explanatory instrument was presented in the registry and the registrar refused to record the correction for the reasons stated in the following decision:

"The correction requested in the foregoing instrument is denied because the record desired to be corrected, which was made by a former registrar of this district, is the record of a joint ownership in the property in the name of 'Pedro Ledesma Serrano,' who appears from the notarial instrument to be called 'Juan' in the civil register, and it is the exclusive province of the courts in *ad perpetuam* proceedings to substitute the name of a person in public instruments; and further, because of the provisions of subdivision 9 of article 63 of the Regulations for the Execution of the Mortgage Law and the decision of the General Directorate of Registries of October 8, 1912."

Subdivision 9 of article 63 of the Regulations for the execution of the Mortgage Law, cited by the registrar, in so far as pertinent, reads as follows:

"Art. 63.—In order to indicate exactly the estates and rights

which may be the subject of the records, registrars shall observe the following rules in carrying out the provisions of article 9 of the law:

\*         \*         \*         \*         \*         \*         \*

"Ninth. The names to be stated in the record shall be expressed as they appear in the instrument, and the registrar shall not be permitted, even with the consent of the parties, to add or omit any name."

And the decision of the General Directorate of Registries of Spain, also relied on by the registrar, holds that—

"If the name of a person whose title is recorded is unlike the name appearing in the deed of acceptance of his inheritance, the said deed shall not be recorded until it has been proved by *ad perpetuam* proceedings that the ancestor used the two names indiscriminately." Decision of October 8, 1912.

In our opinion neither the regulation nor the decision relied on by the registrar is a ground for his refusal. The interested parties do not seek to add or omit any name, or to correct the name of a deceased person, or to perpetuate the fact that said person used several names indiscriminately. Their object is merely to correct an error made by them, and not by the registrar, in a certain instrument duly recorded in the registry. To do this, the agreement of the parties concerned is sufficient. And to record such correction in the registry, its statement in another public instrument is sufficient.

On May 18, 1887, the General Directorate of Registries of Spain held that in order to correct an error in a recorded instrument, representing a property as being in a certain municipal district when a part of it was situated in another, it was sufficient to produce a certificate from the municipal authorities to that effect, which should be recorded following the erroneous record. See 4 Galindo, Mortgage Legislation, 4th ed. 105, and the volume of Official Recompilation of Laws, etc., corresponding to the years 1874–78, edited by the General Directorate of Registries, pp. 436 *et seq*. The Direc-

torate held that the error in the said case was one of construction and, therefore, might be corrected pursuant to article 262 of the Mortgage Law, which reads as follows:

"Errors of construction shall be corrected by means of a new record, which shall be made upon the presentation of the deed previously recorded, if the registrar acknowledge his error, or the judge or court declares it; and upon the presentation of a new deed, if the error shall have been due to the vague, ambiguous, or incorrect language of the original deed, and the parties shall agree thereto, or it shall so be ordered by the judgment of a court."

In its judgment of June 7, 1861, the Supreme Court of Spain held that—

"If in the judgment appealed from it is stated as a positive fact that in a mortgage on the house which is the subject-matter of the intervention proceedings in question, recorded in the registry of property, the grantor said she was called Josefa Piñeiro whereas her true name was Joaquina, and that the property belonged to her under title of inheritance from her sister Jacinta, when she only owned one-half by inheritance from her sister Josefa, and the remainder belonged to her husband, who in the said instrument bound himself only as his wife's surety; under such circumstances the judgment declaring the said record to be valid and binding in prejudice of the right of the plaintiff who, in 1871, took title to the house by purchase from Joaquina Piñeiro and her husband on the ground that the discrepancy in names constituted a material error, although it cannot be so considered because it does not originate from a mistake by the registrar, but arises from an error in the instrument, violates the provisions of articles 262 and 264 of the Mortgage Law, for the former provides that errors of construction, if due to the incorrect language of the original deed and the parties shall agree thereto, or it shall so be ordered by the judgment of a court, shall be corrected by means of a new record; and according to the second, the correction shall in no case produce any effect except from the date of the correction, which had not been made when the judgment was rendered and therefore cannot be considered to give it priority over the deed of acquisition of the house recorded in the registry on November 21, 1877."

The decision appealed from should be reversed and the

registrar ordered to record the correction in accordance with law.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.